[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Robyn Owen, brings this action, individually, and as Administratrix of the Estate of Sara Ann Owen Saladino, against each of the defendants, Dr. Gerard Foye, M.D.; Candlewood Obstetrics-Gynecological Associates, P.C.; and Danbury Hospital.
In a six count revised complaint dated November 5, 1998, the plaintiff, as Administratrix, alleges one count against each defendant, claiming medical malpractice resulting in injuries and the death of the plaintiff's decedent, Sara Ann Owen Saladino. CT Page 741
The plaintiff, in her individual capacity, claims to have suffered "severe psychological, physiological and emotional distress" as a result of the negligence and carelessness of the defendants.
The defendants, Gerard J. Foye, M.D. and Candlewood Obstetric-Gynecological Associates, P.C., have moved to strike counts two and four of the amended complaint, claiming that they set forth a claim for bystander emotional distress, a cause of action not recognized in the context of a medical malpractice case. Maloney v. Conroy, 208 Conn. 392 (1988).
The plaintiff insists that she has not pled a claim of bystander emotional distress, but instead claims to have incurred emotional distress, resulting from breach of a direct duty owed to her by the defendants.
A motion to strike tests the legal sufficiency of a pleading.Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. It admits all well pleaded facts, and the court must construe facts alleged in a pleading in the manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278 (1988);Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988).
If facts as deemed provable in a complaint would support a cause of action, the motion to strike must be denied. Waters v.Autuori, 236 Conn. 820, 825-26 (1996).
As the defendants correctly note, Connecticut does not recognize claims for bystander emotional distress in situations involving medical malpractice perpetrated on anther. Maloney v.Conroy, supra, 397. This principle remains valid, notwithstanding the later recognition by the Connecticut Supreme Court, of a cause of action for bystander emotion distress, under limited and carefully defined circumstances. Clohessy v. Bachelor,237 Conn. 31, 44 (1996).
The plaintiff does not seek to sustain her claim based upon the theory of bystander emotional distress.
Instead, she contends that her "psychological, physiological and emotional distress" resulted from the breach of a duty owed to her by the defendant physician, Dr. Gerard Foye, M.D. CT Page 742
Although Connecticut courts have consistently rejected the disingenuous proposition that a pregnant woman assumes the status of "bystander" in relation to her unborn child, a distinction is recognized between claims for bystander recovery, and claims for negligent infliction of emotional distress based upon breach of a direct duty owed to the plaintiff mother, flowing from the physician-patient relationship. Britton v. Borelli, 7 Conn. L. Trib. No. 25, p. 11 (Super.Ct. June 5, 1981, Moraghan, J.);Martinez v. Bridgeport Hospital, 1 CSCR 568 (July 22, 1986, Spear, J.); Staar v. Merdinolu, 2 Conn. L. Rptr. 714 (November 1, 1990, Cioffi, J.); Hyland v. State of Connecticut, 7 CTLR 222, 223 (August 6, 1992, Aurigemma, J.).
This distinction was crystalized in Britton v. Borelli, supra, where the court held that a mother whose child was born with injuries resulting from negligent obstetrical care, could assert a claim of emotional distress based upon a breach of a duty owed to the mother:
 To infer that a mother is a bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by a physician. In such circumstances . . . the doctor owes a duty to each. . . . [Internal quotation marks omitted.]
Britton v. Borelli, supra, 13.
Therefore, although the plaintiff is prohibited from maintaining an action for bystander emotional distress, there is a duty of proper obstetrical care owed to a mother during child-birth, and for that breach of duty, recovery may be sought by the mother for emotional distress. Rockford v. HartfordHospital, 2 Ct. LR 41 (August 6, 1990, Hennessey, J.); Santilliv. Kharma, 2 CSCR 446 (March 27, 1987, Healy, J.).
As in any claim based upon medical malpractice, the plaintiff, in addition to showing a relationship of physician and patient, is obligated to prove: (1) the standard of care for physicians in the same line of practice; (2) a deviation from the applicable standard of care; and (3) that the deviation from the standard of care caused injury to the plaintiff. LaBieniec v. Baker,11 Conn. App. 199, 202 (1978); Pisel v. Stamford Hospital, 180 Conn. 314,334 (1980).
Because the plaintiff's claim concerns the unintentional CT Page 743 (negligent) infliction of emotional distress, she must prove that the defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress, and that the distress, if caused, might result in illness or bodily harm.Montinieri v. Southern New England Telephone Co., 175 Conn. 337,345 (1978).
In counts two and four of her amended complaint, the plaintiff incorporated the allegations contained in paragraph 7 of count one.
Paragraph 7 details those injuries allegedly sustained by the plaintiff's decedent as a result of the deviation from the applicable standard of care.
Since counts two and four concern injuries to the plaintiff in the form of emotional distress, the allegations in paragraph 7 are not relevant to those counts and should be stricken.
The defendant's motion to strike counts two and four of the plaintiff's complaint is denied, except to the extent that the allegations in paragraph 7 are incorporated into those counts.
Radcliffe, J.